IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

April 3, 2019

WELLS FARGO BANK, N.A.,           )
                                  )
            Appellant,            )
                                  )
v.                                )      Case No. 2D17-1184
                                  )
QUEST SYSTEMS, LLC, a New         )
Mexico limited liability company, as )
successor trustee under the 5107 Erie )
Road Land Trust, dated October 9, )
2012,                             )
                                  )
            Appellee.             )
_____ )


BY ORDER OF THE COURT:


        Appellant's motion for rehearing is granted.  The prior opinion dated August 10,

2018, is withdrawn, and the attached opinion is issued in its place.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO BANK, N.A.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Case No.⠀⠀2D17-1184
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
QUEST SYSTEMS, LLC, a New⠀⠀⠀)
Mexico limited liability company, as⠀)
successor trustee under the 5107 Erie⠀)
Road Land Trust, dated October 9,⠀⠀)
2012,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed April 3, 2019.

Appeal from the Circuit Court for Manatee
County; Gilbert A. Smith, Jr., Judge.

Kimberly S. Mello and Danielle M. Diaz
of Greenberg Traurig, P.A., Tampa;
and Michele L. Stocker of Greenberg
Traurig, P.A., Fort Lauderdale, for
Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa (withdrew after briefing); Lee
Segal of Segal & Schuh Law Group,
P.L., Clearwater (substituted as
counsel of record), for Appellee.


VILLANTI, Judge.

Wells Fargo Bank, N.A., appeals from a final judgment of foreclosure entered in favor of Quest Systems, LLC, after a bench trial. We reverse and remand for entry of a final judgment of foreclosure in favor of Wells Fargo.

At the conclusion of Wells Fargo's case, Quest moved for an involuntary dismissal. The trial court granted the motion and dismissed the case based on its determination that Wells Fargo had failed to prove its prima facie case because it had not properly authenticated a loan modification agreement that the court had nevertheless previously admitted into evidence.

While the parties have raised a multitude of issues in this appeal, we need reach only one of them. We conclude that the trial court erred when it refused to consider the loan modification agreement because it had not been properly authenticated. Such agreements are self-authenticating under section 90.902(8), Florida Statutes (2017), which provides that documents relating to commercial paper are self-authenticating. Hence, the loan modification agreement should have been considered by the court, and the court should have entered a final judgment of foreclosure in favor of Wells Fargo based on the amounts due and owing on the note and mortgage, as modified by the loan modification agreement.

In light of this conclusion, we reverse the involuntary dismissal and remand for entry of a judgment in favor of Wells Fargo.

Reversed and remanded for further proceedings.


KELLY and KHOUZAM, JJ., Concur.